FRUGÉ, Judge ad hoc.
This is a suit by Lillian F. Martin, as Natural Tutrix of Gordy Martin, Jr., against the Massachusetts Bonding and Insurance Company, the insurer of the Terre-bonne Lumber and Supply Company, Toler Knox, ’the employee of the Terrebonne Lumber and Supply Company,, and the Maryland Casualty Company, the insurer of Lillian F. Martin, the mother of the minor, Gordy Martin, Jr.
The plaintiff originally sued only the Massachusetts Bonding and Insurance Company of Boston, Massachusetts, and Toler Knox, the employee of the Terre-bonne Lumber and Supply Company. After trial of the suit, the Court rendered judgment absolving the defendants and, subsequently, the plaintiff filed a supplemental and amended petition alleging that Willie Dunn, the driver of the pickup truck in which Gordy Martin, Jr. was a passenger, was driving the truck of Mrs. Lillian F. Martin, the mother of Gordy Martin, Jr. was injured and alleged negligent acts on the part of the said Willie Dunn. Subsequent thereto plaintiff filed a motion for a new trial and the trial Judge granted same. After the new trial of the case, the trial Judge rendered judgment against all parties, in solido, finding the drivers of the two trucks involved in the accident negligent in the operation of the vehicles which caused injuries to the minor child of plaintiff. All party defendants perfected their appeal to this Court and during the course of the appeal plaintiff compromised and settled her claim as against the Maryland Casualty Company, the insurer of Willie Dunn, reserving all and singular the minor’s rights against the Massachusetts Bonding and Insurance Company of Boston, Massachusetts, and its assureds. Accordingly, the only matter before this Court is plaintiff’s suit as against Massachusetts Bonding and Insurance Company of Boston, Massachusetts and its assureds.
While defendants, in the Court below, objected to the trial Judge granting a new trial and allowing the supplemental petition filed by the defendant, they have not so argued in their briefs before this Court that-particular question and, accordingly, we presume they have abandoned said argument.
The facts reveal that Gordy Martin, Jr., Willie Dunn, and two other 10 year old white boys drove out to the Terrebonne Lumber Company in East Feliciana Parish to get some sawdust in a pickup truck. Willie Dunn was a negro employee of Gordy Martin’s mother and was the driver of the pickup truck. They proceeded to a *529 certain area of the sawmill yard to get sawdust and because the sawdust was unsuitable in this particular area they proceeded to what is known as the “rip-saw” shed. When they arrived there, there was a large steel bodied 1939 Chevrolet truck parked under the shed. Toler Knox, an employee of Terrebonne Lumber Company, then proceeded to move the large truck from the driveway and parked it some SO or 60 feet away from the shed and about 4 feet from the driveway' — -with the end of the steel body next to the driveway.
Willie Dunn then proceeded to back his truck towards the shed, with Gordy Martin holding the right door open from one and one half to two (2) feet and looking in the rear to direct the driver. Willie Dunn proceeded to back the pickup truck, Toler Knox backed the big truck into the open door, causing the said door to be pushed inward and damaging the truck door and injuring young Gordy Martin.
Toler Knox, the driver of the Terre-bonne Lumber Company truck, testified, and his testimony was corroborated by two other negro employees of Terrebonne Lumber Company, that Willie Dunn was sloshing his truck through a mud hole, backwards and forwards, and in doing so, backed into the rear end of the big steel bodied truck and bent the door. He further testified that he was actually not in the cab of the truck at the time of the accident and at the time young Gordy Martin was injured.
The trial Judge in an able discussion of the evidence from the bench while fresh in his mind absolved defendants in the original trial. We made a thorough study of same and find no manifest error.
The trial Judge reversed himself on the appreciation of the facts in the second trial of the matter which reversal was based on the opinion of an expert witness who testified on behalf of the plaintiff.
Mr. Alvin Doyle, the expert witness, did not see the accident, nor did he see the physical damage, nor did he go to the place of the accident. His opinion was developed solely on the version of the accident from the witnesses of the plaintiff and pictures. While pictures are very helpful, in all cases they do not fully reflect the type of damage done. Mr. Doyle never examined the two trucks involved in the accident and testified that he had seen the pictures of the damage done to the pickup truck the day before the trial of the accident. In testifying how the accident occurred, he utilized a diagram which was drawn by Willie Dunn, the driver of the pickup truck. Of course, in the first trial of this matter, the trial Judge excluded the testimony of Willie Dunn.
The testimony of Mr. Doyle will reveal that he was of the opinion that there were two forced components which, working together, caused the damage which he viewed from the pictures of the door of the pick up truck. He testified that the movement of the pickup truck being driven by Willie Dunn is what caused this forced component to come into effect. He further testified that there was an additional forced component moving from the rear edge of the door toward the door post, which caused the door to crumple slightly, similar to an accordion action, pressure being placed upon both edges of the door. His determination is based upon the assumption that the pickup truck was moving exactly parallel to the rear of the two-ton truck and that the door of the pickup truck was swung out to the maximum degree. This determination is based on the facts given to him by Willie Dunn. In the event that the pickup truck was not moving parallel to the rear of the two-ton truck, and it was moving at an angle toward the rear of the two-ton truck, the outer edge of the door could strike the rear of the two-ton truck in such a manner as to contact it at approximately a 90 degree angle thus causing a pressure of force which could cause an accordion action by virtue of the movement of the pickup truck toward the two-ton stake truck. Accordingly, it is just as feasible to believe that the motion of the pickup *530 truck moving at an angle toward the rear of the stake-bodied truck could cause both force components to come into effect, first springing the door forward and secondly, causing the door to wedge between the pickup truck and the two-ton truck, creating the second force component which crushed, by accordion action, the door in question.
It is inconceivable to this Court, as it was to the trial Judge in his first opinion, that Toler Knox, the driver of the Terre-bonne Lumber Company truck would back up into the pickup truck when he had just driven it from under the rip-saw shed to let the pickup truck into the driveway. The trial Judge, in his second decision, changed his mind on the question of the negligence of Toler Knox solely on the testimony of the expert witness which testimony given by the expert witness was based on a set of facts and position of vehicles as given to him by Willie Dunn, the driver of the pickup truck. We believe that the trial Judge correctly determined the issues of the case in the first trial of the matter after listening to all of the eyewitnesses to the accident. He had the benefit of the testimony of all eye-witnesses as to what actually occurred in the first trial of the case upon which he made his determination. Thereafter in the second trial of the case, he determined the case upon the testimony of an expert witness whose testimony was predicated upon the statement of facts of plaintiff’s witnesses and not upon all of the evidence available.
His second decision, as stated in his reasons from the bench, was predicated upon the testimony of the expert witness'he was actually substituting the expert witness’ judgment for his judgment, and the expert witness’ conclusion in the second trial was based upon a determination of facts which the trial Judge himself did not believe.
Having concluded that Toler Knox was not negligent there is no need for this Court to go into the other issues raised by the party litigants.
For the foregoing .reasons, the judgment of the Trial Court is reversed as to defendants, Toler Knox and the Massachusetts Bonding and Insurance Company of Boston, Massachusetts, at appellee’s costs.
Reversed.